PEOPLE *ex rel.* FOSTER *v.* HOWELL *et al.*

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

OFFICERS—REMOVAL—BRIDGE POLICEMEN.

The board of trustees of the New York and Brooklyn bridge may lawfully make a rule that charges preferred against bridge policemen for violation of its rules shall be heard, after notice to the officer and opportunity given to defend, before the president of the board, who, in case he concludes that the officer shall be dismissed, shall report the evidence in writing, with his opinion, to the board for its determination; there being nothing in the statute requiring the whole board to be present at the trial. Laws N. Y. 1887, c. 192, § 8.

*Certiorari* to trustees of New York and Brooklyn bridge. Proceedings before the trustees of the New York and Brooklyn bridge for the trial of relator, a police officer, on the charge of violating rule No. 22, (conduct unbecoming an officer,) in being intoxicated, arrested, and locked up in a station-house. Relator, being found guilty as charged, was dismissed, whereupon he procured a *certiorari* to review the proceedings. *Certiorari* dismissed.

The trustees of the New York and Brooklyn bridge, prior to the proceedings herein, regularly passed the following resolution: "Resolved, that the following rules be adopted to regulate the manner of preferring charges against a member of the police force, and of examining into such charges: Charges may be preferred against any member of the police force of the New York and Brooklyn bridge by any person for any of the following offenses: *First*, any criminal offense; *second*, neglect of duty; *third*, violation of rules; *fourth*, neglect or disobedience of orders; *fifth*, incapacity; *sixth*, absence without leave; *seventh*, conduct unbecoming an officer. Charges must be made in writing, and must be accompanied by specifications. Charges and specifications shall be filed with the secretary of the trustees. A copy, with notice that the charges and specifications will be examined into, shall be served on the policeman charged, two days before the day of trial, counting the day of trial as one day, and excluding the day of service. * * * The chief engineer and superintendent shall have power to suspend a policeman against whom charges have been preferred, without pay, until the president or the board shall pass upon the said charges. The charges and specifications shall be publicly examined into at the time and place named by and before the president of the board of trustees. The president shall hear the statements under oath of witnesses offered to support the charge, and on behalf of the defendant policeman. The evidence shall be reduced to writing. On due conviction of any offense specified above, the president may, in his discretion, punish a policeman by reprimand or forfeiture of pay, not to exceed one month's pay. In case the president shall conclude that the policeman should be dismissed from the force, he shall report the evidence in writing, with his oral or written opinion, to the board, and the board shall thereupon determine whether the member shall be dismissed."

Argued before BARNARD, P. J., and PRATT, J.

*Sidney Williams*, for appellant. *Bergen & Dykman*, (*James C. Bergen*, of counsel,) for respondents.

PRATT, J. It has been well held that a tribunal like the trustees of the defendants herein is vested, to some extent, with discretionary powers which authorize it, within established rules, to take action without the restriction of strict legal rules governing trials in courts of law. It was clearly competent for the defendants to make the rules stated in their return hereto, and all the proceedings which resulted in the dismissal of the relator seem to have been regularly complied with. He was served with charges in due form as required, and given an opportunity to make his defense before Commissioner Howell. The trial took place before that commissioner, who held the office of president. There is nothing in the statute that requires the whole board of trustees to be present. The only restriction upon the proceeding is that the president, who tries an accused person, cannot impose a sentence of dismissal. It is somewhat analogous in form to courts-martial. The latter courts try offenders, and sentence them when convicted; but certain grave punishments cannot be carried out without the approval of a higher power, to-wit, the commander in chief. In the case before us, under the statute and the rules adopted by the board of trustees, the accused is tried by the president, and sentence imposed; but, when the sentence involves dismissal, it must be by vote of a majority of the board. It would be impracticable, and involve much time and expense, to require a full meeting of the board of

trustees to attend all the trials in every case of drunkenness or unbecoming conduct on the part of policemen; and hence the rules wisely ordain that the trial shall take place before one commissioner, to-wit, the president, and there the trial ends either in a sentence or in a recommendation for dismissal. No right of the defendant in this case was involved or prejudiced. He had ample opportunity to put in his defense. He was clearly proved guilty, and the judgment ought to stand. Dismissed, with costs.